UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hildelberto Lara, individually and on behalf all other employees similarly situated,<br><br>                              Plaintiff,<br><br>- against -<br><br>Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, Vajira Mendis, and Rienzie Fernando,<br><br>                              Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Hildelberto Lara ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, Vajira Mendis, and Rienzie Fernando (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime compensation, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime compensation, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (5) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

5. Plaintiff further alleges pursuant to the FLSA and NYLL that he is entitled to recover from the Defendants (1) lost wages (2) front pay (3) compensatory damages (4) punitive damages (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs in violation of FLSA and NYLL's anti-retaliation provisions.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

8.      Plaintiff Hildelberto Lara is a resident of Queens, NY and was employed as a mover, by Defendants Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, Vajira Mendis, and Rienzize Fernando, with its principal place of business at 211 East 43rd Street, Suite 1206, New York, NY 10017, from on or about January 1, 2005 to April 22, 2019.

**CORPORATE DEFENDANT**

9.      Upon information and belief, Corporate Defendant, Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, Vajira Mendis, and Rienzie Fernando, is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 211 East 43rd Street, Suite 1206, New York, NY 10017.

10.     Upon information and belief, at all times relevant hereto, Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11.     Upon information and belief, at all relevant times hereto, Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203 because they engage in the sale of air conditioning equipment and parts that are purchased out of state.

12.     Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13. Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

### *Vaijra Mendis*

14. Upon information and belief, Defendant Vajira Mendis (hereafter "Defendant Mendis") is the owner, officer, director and/or managing agent of Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies s at 211 East 43rd Street, Suite 1206, New York, NY 10017 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies.

15. Upon information and belief, Defendant Mendis owns the stock of Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

### *Rienzie Fernando*

16. Upon information and belief, Defendant Rienzie Fernando (hereafter "Defendant Fernando") is the owner, officer, director and/or managing agent of Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies s at 211 East 43rd Street, Suite 1206, New York, NY 10017 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29

4

C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies.

17. Upon information and belief, Defendant Fernando owns the stock of Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

18. At all times relevant herein, Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation, and failed to provide him a wage notice at the time of hiring and failed to provide pay stubs in violation of the NYLL.

21. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

24. From approximately January 1, 2013 until April 22, 2019, Plaintiff was hired by Defendant as a Mover for Defendant's shipping and moving business located at 211 East 43rd Street, Suite 1206, New York, NY 10017

25. Starting from approximately January 1, 2013 until April 22, 2019 Plaintiff worked the following schedule:

   a. During the winter session; Thursday through Sunday from 8:00 a.m. to 6:00 p.m. with a one (1) hour lunch break. During this period Plaintiff worked four (4) days per week and worked approximately thirty-six (36) hours per week.

   b. During the summer session which consists of the months June, July, August and September, he worked Monday through Friday from 7:00 am to on or about 5:30 pm. On any two Saturdays of the months he would work the same hours. Plaintiff Lara would have an hour lunch. During this period Plaintiff Lara worked approximately 52.5 hours to 63 hours per week.

26. The Defendants paid Plaintiff a fixed weekly rate of $520.00 during his employment with the Defendant, regardless of how many hours he worked per week.

27. During the employment period, Plaintiff on various occasions, repeatedly requested paystubs and compensation for his overtime work. After such complaints, Defendant would reduce Plaintiff hours.

28. In about January 2019 Plaintiff asked to get to be pay $18.00 an hour instead of the fix salary of $520. Defendants gave a series of different excuses and continued to pay the fix salary of $520.

29. Throughout Plaintiff's employment with Defendants, Plaintiff was paid weekly in cash.

30. Defendants failed to provide paystubs to the Plaintiff.

31. Defendants did not compensate Plaintiff overtime compensation according to state and federal laws.

32. Defendants did not provide Plaintiff with a wage notice at the time of his hiring.

33. Defendants did not have a time keeping system in order to track Plaintiff's work hours.

34. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

35. Defendants committed the following alleged acts knowingly, intentionally and willfully.

36. Defendants knew that the nonpayment of overtime and minimum wages would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

37. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

38. Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

40. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

41. Upon information and belief, the Collection Action Members are so numerous that the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

42. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

   c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

    d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

    e.  Whether the Defendants' violations of the FLSA are willful as defined within the context of the FLSA; and,

    f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

46.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought by Plaintiff and FLSA Collective]

48.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs 1 to 47 as though fully set forth herein.

49.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff Zhao is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

50.    At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff Zhao at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

### COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought by Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay their minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

64. At all relevant times, Defendants had, and continue to have, a policy practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations required employers to notify employees of labor and employment law requirements. 29 C.F.R. §516.4.

66. Defendants willfully failed to notify the Plaintiff and the FLSA Collective of the requirements of employment and labor laws in order to facilitate their continued and unwavering exploitation of the Plaintiff's and the FLSA Collectives' labor.

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate the Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per workweek when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due to the employee.

70. Defendants' failure to pay the Plaintiff and the FLSA Collective their overtime pays violated the NYLL.

71. Defendants' failure to pay the Plaintiff and the FLSA Collective was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

73. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with §191 of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

74. Due to the Defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

77. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

78. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to

recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VII
### [VIOLATION OF FAIR LABOR STANDARDS ACT – RETALIATION]

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80. Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, his complaining of not being compensated for the additional hours of overtime and requesting his paystubs with an explanation of the taxes being deducted. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of his rights.

81. Defendants conduct violated the FLSA §215.

82. As a direct and proximate consequence of the Defendants' intentional, unlawful and outrageous conduct Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation and mental distress, pain and suffering.

## COUNT VIII
### [VIOLATION OF NEW YORK LABOR LAW – RETALIATION]

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, the complaints about not receiving his just compensation for overtime and not receiving his paystubs.

85. In retaliating against Plaintiff, Defendants knowingly and willingly acted in deliberate disregard of Plaintiff's rights.

86. Defendants' conduct violated the New York Labor Law §215.

87. As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices Plaintiff suffered and continues to suffer damages including, but not limited to, humiliation and mental distress, pain and suffering.

**Prayer for Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Action Members, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful

practices and policies set forth herein;

  f) An award of unpaid minimum wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent (25%) under NYLL §§190 et seq., §§650 et seq., and one hundred percent (100%) after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

  g) An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent (25%) under NYLL §§190 et seq., §§650 et seq., and one hundred percent (100%) after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

  h) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

  i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

  j) The cost and disbursements of this action;

  k) An award of prejudgment and post-judgment fees;

  l) Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety days (90) after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL §198(4); and

  m) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York	**HANG & ASSOCIATES, PLLC**
       September 11, 2019

By:	*/s/ Jiajing Fan*
    Jiajing Fan, Esq.
    136-20 38th Ave., Suite #10G
    Flushing, New York 11354
    Tel: 718.353.8588
    Fax: 718.353.6288
    Email: jfan@*hanglaw.com*
    *Attorneys for Plaintiff(s)*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Air Sea Land Group, Vajira Mendez, Riensi ""Doe" and Ajit Doe, and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

### *SPANISH TRANSLATION:*

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LEY DE NORMAS LABORALES FEDERALES

Soy un empleado actualmente o fui empleado anteriormente por Air Sea Land Group, Vajira Mendez, Riensi ""Doe" and Ajit Doe, y/o entidades relacionadas.

Doy mi consentimiento para ser demandante en una acción para cobrar los salarios no pagados. Estoy de acuerdo en que estoy obligado por los términos del Retención Contingente de Tarifas firmados por el demandante nombrado en este caso.

_Hidelberto Lara_
Full Legal Name (Print)

_[signature]_
Signature

_4/26/19_
Date