# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

November 5, 2019

Jiajing Fan, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jfan@hanglaw.com

**VIA ELECTRONIC CASE FILING**

Hon. Magistrate Judge Barbara Moses
Southern District of New York
500 Pearl Street,
New York, NY 10007-1312

    Re:    Lara v. Air Sea Land Shipping & Moving Inc. et al
              1:19-cv-08486

Your Honor:

      We are the Counsel for the Plaintiff Hildelberto Lara ("Plaintiff"), we write, jointly with Counsel for Defendants Air Sea Land Shipping & Moving Inc. d/b/a Air Sea Land Group of Companies, Vajira Mendis, and Rienzie Fernando ("Defendants") (the "parties" collectively), to request that the Court approve the settlement reached in this matter in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). It is respectfully submitted that the Court should approve the fully executed Settlement Agreement ("Agreement") attached here as **Exhibit A** ("Ex. A") and so order the Stipulation and Order of Dismissal with Prejudice **Exhibit B**, as the settlement reflects a reasonable compromise of contested issues reached by an arms-length negotiation between the parties, who were adequately represented by counsel.

### I. Background

      This matter arises under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.) and the New York Labor Law (NYLL §§ 650 et seq. and NYCRR §§ 142 et seq.). By way of background, Plaintiff alleges that on or about January 1, 2005 to April 22, 2019, Plaintiff was hired by Defendant as a mover for Defendant's moving business located at 211 East 43rd Street, Suite 1206, New York, NY 10017. In his Complaint, Plaintiff alleges that while employed by Defendants, he worked an average of 36 hours per week in winter session and 52.5 hours per week in summer session. Plaintiff alleges that he was paid a fixed rate of $520 per week during the period.  Plaintiff alleges he received that he was only paid by cash and did not receive any paystubs.

      Defendants deny these allegations and maintain that Plaintiff did not worked overtime for Defendants for the claimed period.

1

The parties, through their counsel, engaged in preliminary discovery including the exchange of personnel files, pay records and documents indicating Plaintiff's actual working period. The parties reached a settlement before the initial conference. The total settlement amount is $19,000 (the "Settlement Amount"), of which Twelve Thousand Three Hundred Twenty-Three and Thirty-Three Cents ($12,323.33) will be allocated to the Plaintiff. Plaintiff's counsel seeks one-third of the Settlement Amount, a total of Six Thousand Six Hundred Seventy-Six Dollars and Sixty-Seven Cents ($6,676.67) shall be allocated to Hang & Associates, PLLC for attorney's fees ($6,161.67) and out-of-pocket costs ($515.00).

We attach a copy of Hang & Associates, PLLC's attorney bills and costs as **Exhibit C**.

When the Plaintiff reviewed the settlement agreement, he found that his name was inadvertently spelled as "Hildelberto" with an additional "L" in the caption. With Defendants' approval, Plaintiff updated his name as "Hiderberto" in the settlement agreement. Parties are able to file a stipulation for name change if Your Honor requires so.

## II.    The Proposed Settlement Is Fair and Reasonable.

Parties may not enter into a FLSA settlement agreement and stipulate to the dismissal of their case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without Court approval. *Cheeks*, 796 F. 3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (district court must evaluate a settlement to determine if it is fair and reasonable).

In evaluating the fairness and reasonableness of the proposed settlement, the Court should consider the totality of the circumstances. *See Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015). To make this determination the court examines five factors "(1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (S.D.N.Y. 2012). Additionally, the Court should be mindful of the "admonitions" set forth in *Cheeks*. *Gonzales*, 2015 WL 6550560, at *1. The settlement here satisfies the five *Wolinksky* factors and does not conflict with the *Cheeks* admonitions.

If Plaintiff was to prevail on all his claims, excluding liquidated damages, his recovery would total approximately $59,725.00. Defendants denied all of the allegations asserted against them in the Complaint and asserted various affirmative defenses in their Answer. If Defendants were to prevail on their defenses, Plaintiff would be entitled to *no damages* as compared to Plaintiff's purported damages calculations. If the case were to proceed to trial, Defendants argue that they would be able to demonstrate via documentary evidence and non-party discovery that Plaintiff worked significantly fewer days than alleged and were properly paid compensation.

The second and third *Wolinsky* factors are also met. As stated above, with misclassification at the core of the parties' claims and defenses, both sides are faced with an all or nothing risky scenario going into the trial. Both sides, therefore, would have to invest enormous amount of time and

resources into litigation. The fourth and fifth *Wolinsky* factors are also satisfied as the settlement is the product of an arms-length negotiation void of fraud or collusion. The negotiations took place between experienced employment law attorneys and were reached after multiple rounds of negotiation between the Counsels and preliminary discovery. Thus, there can be no suggestion of fraud or collusion between the parties or their counsel.

The Settlement Amount reflects a reasonable compromise between the parties' dispute over Defendants' alleged overtime violation. Considering the possibility of a lengthy litigation, the costs and the uncertainty of a trial which will focus on Plaintiff's independent status, we believe this to be a fair resolution of this matter due to certain *bona fide* disputes about the value of Plaintiff's claims and the risks attendant with continuing the litigation.

### III.   The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions.

The settlement agreement does not contain any terms that would militate against the Court approving it. *See Nieto v. Izzo Construction Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (Levy, Mag.). For instance, the agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood v. Carlson Restaurants Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (*citing Lopez v. Nights of Cabiria, LLC,* No. 14 Civ. 1274, 2015 WL 1455689, at *5 (S.D.N.Y. Mar. 30, 2015)); *also compare Ezpino v. CDL Underground Specialists, Inc.*, No. 14CV3173DRHSIL, 2017 WL 3037483, at *2-3 (E.D.N.Y. June 30, 2017), *report and recommendation adopted*, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) (*citing Cheeks*, 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); *with Gonzalez*, 2015 WL 6550560, at *3 (*citing Cheeks*, 796 F.3d at 206) (declining to approve FLSA settlement containing a confidentiality provision).

Other factors present do not weigh against approval of the settlement. This matter was not conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer working for the Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

### IV.   Attorneys' Fees and Costs

The Agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $515.00 for costs in total, which includes costs for process of service and $400 of filing fees. The firm will then retain 1/3 of the remaining settlement amount for the Plaintiff as attorneys' fees, which is $6,676.67 in total. Based on the time Plaintiff's Counsel spent litigating Plaintiff's claims and their experience in handling FLSA and NYLL matters, we believe this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the

case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks*, 796 F3d at 206 (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

The total settlement amount allotted to the Plaintiff is $12,323.33, while Plaintiffs' attorneys' fees and costs total $6,676.67. *See* **Exhibit C**. All of time billed was reasonably necessary to secure the results we have achieved for the Plaintiffs thus far. Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationships, including claims for employment discrimination, wage and hour issues, and contract disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Hang & Associates spent approximately 33.5 hours on litigating Plaintiff's claims, and had it been billing hourly, it would have incurred $ 8,910.00 in fees and $515.00 in costs for a total of $9,425.00. A copy of our attorney bill is attached here as **Exhibit C**. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation. This case involved some nuanced legal issues including misclassification, and was assigned to the firm's senior associate Keli Liu to be the lead counsel on the matter.

The hourly rate of $250 requested by the undersigned is reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6. 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for legal support staff."). I received LLM-Legal Institutions Degree from the University of Wisconsin Madison Law School in 2016. From 2016 to 2017, I was a part-time volunteer advocate in Unemployment Appeals Clinic in Wisconsin, I provided representation to low income unemployed workers in unemployment compensation hearings and Labor & Industry Review Commission (LIRC) appeals. Before I joined Hang Law, I had litigation assistance experience in housing laws litigations in Legal Actions of Wisconsin from December 2017 to May 2018.

The undersigned has been practicing in employment and labor laws since September 2018. I have substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. I have dedicated the majority of her time to FLSA matters including more than 20 cases in this District alone. In addition to FLSA cases, I have litigated employment matters arising under Title VII. I have dedicated the majority of her time to FLSA matters including more than 20 cases in this District alone. In addition, I represent employees as well as employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division, and Occupational Safety and Health Administration (OSHA). Hang Law has routinely billed my service to clients since July 2019, including FLSA matters, at $300 per hour.

Mr. Jian Hang is also counsel for Plaintiff in the above-captioned case. He is the principal attorney at Hang & Associates, PLLC. Almost all of his current practice involves employment law and litigation. Mr. Hang has over ten years of experience litigating and trying cases in this area. Prior to founding Hang & Associates, PLLC, he practiced law in the New York Office of Epstein Becker & Green, PC, one of the most well recognized management-side labor and employment law boutique firms in the country. Mr. Hang graduated from the Law School of University of Arkansas at Little

Rock ("UALR") in 2005, and he is a member of the bar in New York, Pennsylvania, District of Columbia, all four District Courts of New York, Middle District of Pennsylvania, Eastern District of Pennsylvania, District of Connecticut, and Court of Appeals for the District of Columbia Circuit. I believe Mr. Hang's hourly rate of $350 is fair based in his experience.

Ms. Lorena P. Duarte, Esq., has experience in employment, family, real estate, and mass tort litigation. Being fluent in Spanish and French, she specializes in representing the Spanish speaking community in these cases both on plaintiff and defendant side. Before she left the firm, she independently handled a case load of 30+ cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial and bill an hourly rate of $275.

Ms. Zindzi Baugh Corbett, Esq., assisting attorney on this case, has been an associate attorney at Hang & Associates, PLLC after Ms. Duarte left the firm. Ms. Corbett specializes in representing the Spanish-speaking community in cases both on plaintiff and defendant side. Currently, she independently handles a case load of approximately 10 cases. Additionally, as the only Spanish-speaking attorney at the firm, she assists other associates with corresponding with clients, conducting meetings, drafting documents and also court attendances. She has assisted with these and other tasks from the stages of client intake, discovery, motion practice and settlement. Before Ms. Corbett joined Hang Law, she had litigation assistance experience as an Electronic Filing Clerk at litigation company in New York City, she also volunteered as a Child Advocate on behalf of unaccompanied immigrant minors. She respectfully requests that the court award her attorney fees at $250/hour.

Ms. Leticia Ochoa is a bilingual paralegal with over 3 years of legal experience. Ms. Ochoa has worked with immigration, real estate, personal injury and employment law firms supporting the attorneys in client communications, document drafting and preparation, court filings, trial binders, translations, and other clerical functions. Ms. Ochoa is an integral part of the team and a leader amongst her peers of community organizations and activism. As a Spanish speaker, Ms. Ochoa helps the firm's Hispanic clients understand their case through their attorney and is the lead paralegal for the firm's Latino Department. She currently has an hourly bill for $150.

Accordingly, Plaintiff and Defendants respectfully request that the Court approve the settlement, and so order Stipulation and Order of Dismissal with Prejudice attached as **Exhibit B**.

We thank the Court for its consideration.

                                                    Respectfully submitted,

                                                    */s/ Jiajing Fan*
                                                    Jiajing Fan, Esq.